IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Pricilla M. Muller, ) | |
| ) | Civil Action No.: 3:20-cv-01094-JMC |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| Westinghouse Electric Company, LLC, LP ) | |
| and Brookfield Business Partners, ) | |
| ) | |
| Defendants. ) | |

Plaintiff Pricilla M. Muller ("Plaintiff") brought this action against Westinghouse Electric Company, LLC, LP ("WEC") and Brookfield Business Partners ("Brookfield") (collectively, "Defendants"), alleging numerous claims related to her termination of employment with WEC. (*See* ECF No. 1-1.) This matter is before the court upon review of the Report and Recommendation issued by the Magistrate Judge on August 14, 2020 ("Report") (ECF No. 15.) The Report recommends that the court grant Defendants' Motion to Dismiss. (*Id.* at 2.) Neither party has objected to the Report. For the reasons set forth below, the court **ACCEPTS** the Report and adopts its findings herein (ECF No. 15), and **GRANTS** the Motion to Dismiss as set forth below (ECF No. 5).

### I. FACTUAL AND PROCEDURAL BACKGROUND[1]

Plaintiff, an African American woman, was fired from a business that WEC owns and operates. (ECF No. 15 at 4.) Brookfield is purportedly an investor and owner of WEC. (*Id.*) Plaintiff alleges her termination was the culmination of WEC's ongoing employment

---

[1] The Report sets forth the relevant facts and legal standards, which this court incorporates herein without a full recitation. As noted in the Report, "[t]he following facts are taken from Plaintiff's Complaint and construed in the light most favorable to her[.]" (ECF No. 15 at 4.)

1

discrimination against her, which involved at least one verbal warning for conduct in which she did not engage; "several verbal accusations from management regarding her allegedly poor behavior and attitude in the workplace"; failing to "listen to Plaintiff" or further "investigate allegations of Plaintiff's allegedly poor behavior"; retaliating against Plaintiff for her complaints regarding "the unfair treatment that she received because of her race, age, gender[,]" and a hostile work environment; and disciplining Plaintiff "more harshly than others." (*Id.* at 4-5.) Plaintiff further insists her firing was unjustified because, although WEC stated her termination arose from Code of Conduct violations, she in fact never committed such violations and was fired without an investigation, despite WEC treating similarly situated employees differently. (*Id.* at 4.)

The Magistrate Judge issued the Report on August 14, 2020, suggesting all claims against Brookfield and certain claims against WEC be dismissed. (*Id.* at 12.) The Magistrate Judge began by explaining that "Plaintiff ha[d] not set out any allegations concerning any conduct in which Brookfield engaged regarding the allegations . . . in Plaintiff's Complaint." (*Id.* at 5.) For instance, the Magistrate Judge continued, "the [Complaint's] only specific reference to Brookfield" claimed that Brookfield was "an investor[] and owner[] of [WEC]," while the Complaint only otherwise collectively referenced "Defendants" without alleging "any direct relationship between [Plaintiff] and Brookfield[.]" (*Id.* at 5-6.) The Magistrate Judge further observed that Plaintiff's allegations did not support disregarding the corporate formalities between Brookfield and WEC. (*Id.* at 6.) As "[m]erely noting . . . some sort of corporate-investor relationship [between Defendants] . . . is insufficient to set out viable causes of action against Brookfield," the Magistrate Judge recommended dismissing all claims against Brookfield. (*Id.* at 7-8.)

Next, the Magistrate Judge concluded two causes of action should be dismissed against WEC. (ECF No. 8-12.) For the fifth cause of action, the Magistrate Judge found that Plaintiff failed

2

to "plead[] a viable breach-of-employment-contract claim or a viable claim of wrongful termination in violation of public policy" because she did not demonstrate the "source of an implied contract" nor "any specific public policy" to support these claims. (*Id.* at 10-11.) And for the sixth cause of action, the Magistrate Judge decided Plaintiff's claim for "Emotional Distress/Loss of Enjoyment of Life and Future Medicals" set out no "legally recognized cause of action under South Carolina law," instead "read[ing] more like a list of damages Plaintiff seeks." (*Id.* at 11.) The Magistrate Judge also noted that, in any event, Plaintiff failed to "respond to this portion of the Motion to Dismiss" and thus "abandoned the sixth cause of action." (*Id.* at 11-12.)

## II. JURISDICTION

This court has jurisdiction over Plaintiff's Title VII and 42 U.S.C. § 1981 claims via 28 U.S.C. § 1331, as the claims arise under a law of the United States. Further, 42 U.S.C. § 2000e-5(f)(3) empowers the court to hear claims "brought under" Title VII. The court additionally has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a), because these claims "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." *Id.*

## III. STANDARD OF REVIEW

A. <u>Report and Recommendation</u>

The Magistrate Judge's Report and Recommendation is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge only makes a recommendation to this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Id.* The court reviews *de novo* only those portions of the Report and Recommendation to which specific objections are filed. *See Diamond v. Colonial Life*

3

*& Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005). The court reviews those portions which are not specifically objected to only for clear error. *Id.* at 316. The court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is charged with making the final determination of the pending matter as the Magistrate Judge's recommendation carries no presumptive weight. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). As such, the court reviews *de novo* those portions of the Report to which specific objections are made. *See* 28 U.S.C. § 636(b)(1); *see also* FED. R. CIV. P. 72(b)(3).Yet when no party offers timely, specific objections, the court "need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record . . . to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting FED. R. CIV. P. 72 advisory committee's note); *see Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983) (stating the court is not required to explain the Report's adoption if no party offers specific objections).

B. <u>Motion to Dismiss</u>

A Rule 12(b)(6) motion for failure to state a claim upon which relief can be granted "challenges the legal sufficiency of a complaint." *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009) (citations omitted); *see also Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) ("A motion to dismiss under Rule 12(b)(6) . . . does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses."). To be legally sufficient, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2).

A Rule 12(b)(6) motion "should not be granted unless it appears certain that the plaintiff

4

can prove no set of facts which would support its claim and would entitle it to relief." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). When considering a Rule 12(b)(6) motion, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff. *Ostrzenski v. Seigel*, 177 F.3d 245, 251 (4th Cir. 1999).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (*citing Twombly*, 550 U.S. at 556). Courts commonly refer to this as the *Twombly/Iqbal* standard for federal pleadings, which a plaintiff needs to overcome to survive a Rule 12(b)(6) dismissal. *Brown-Thomas v. Hynie*, 412 F. Supp. 3d 600, 605 (D.C. 2019).

## IV. DISCUSSION

Here, the court has carefully examined the findings of the Report and concludes all claims must be dismissed against Brookfield, and Plaintiff's fifth and sixth causes of action must be dismissed against WEC. Neither party has objected to the Report and the court discerns no clear error on the face of the record. Accordingly, the court adopts the Report (ECF No. 15) herein and grants the Motion to Dismiss (ECF No. 5).

## V. CONCLUSION

For the reasons discussed above, the court **ACCEPTS** the Report and Recommendation of the Magistrate Judge and adopts the findings herein (ECF No. 15), and **GRANTS** Defendants' Motion to Dismiss (ECF No. 5). All claims shall be dismissed against Defendant Brookfield. Furthermore, the fifth and sixth causes of action shall be dismissed against Defendant WEC,

including Breach of Contract and Wrongful Termination, and Emotional Distress/Loss of Enjoyment of Life and Future Medicals.[2] (ECF No. 1-1 at 11-13.)

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

February 4, 2021
Columbia, South Carolina

---

[2] The remaining claims against WEC include Negligence/Gross Negligence; Race Discrimination in Employment Under § 1981, and Title VII of the Civil Rights Act of 1964; Retaliation for Protected Activity, and Defamation of Character. (ECF No. 1-1 at 5-11.) These claims comprise the first, second, third, and fourth causes of action in the Complaint. (*Id.*)

6