IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Pricilla M. Muller,<br><br>    Plaintiff,<br><br>v.<br><br>Westinghouse Electric Company, LLC, LP,<br><br>    Defendant. | C/A No.: 3:20-cv-1094-SAL-KDW<br><br><br>**ORDER** |

  This matter is before the court for review of the October 28, 2022 Report and Recommendation of United States Magistrate Judge Kaymani D. West, made in accordance with 28 U.S.C. § 636(b)(1)(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). [ECF No. 88.] In the Report and Recommendation, the Magistrate Judge recommends granting Defendant's motion for summary judgment, ECF No. 67.[1] *Id.* at 41. Attached to the Report was a notice advising the parties of the procedures and requirements for filing objections to the Report. [ECF No. 88-1.] Neither party filed objections, and the time for doing so has expired.

  The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this

---

[1] The Magistrate Judge also notes that Plaintiff's Response Memorandum in Opposition is "couched as if she were moving for judgment as a matter of law herself." [ECF No. 88, p. 2 n. 3.] To that end, if the court were to construe her filing as a separate motion for summary judgment, the Magistrate Judge recommends the court deny it. However, Plaintiff is a represented party and thus not afforded liberal construction of her filings. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (explaining filings filed by *pro se* litigants are held to a less stringent standard than those drafted by lawyers). Therefore, despite the seemingly contradictory language contained in the Response, the court only considers it as a memorandum opposing Defendant's summary judgment motion and not as a distinct motion.

court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a *de novo* determination of only those portions of the Report that have been specifically objected to, and the court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1). In the absence of objections, the court is not required to provide an explanation for adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

After a thorough review of the Report, the applicable law, and the record of this case in accordance with the above standard, the court finds no clear error, adopts the Report, ECF No. 88, as modified by footnote one of this order and incorporates the Report by reference herein. Accordingly, Defendant's motion for summary judgment, ECF No. 67, is **GRANTED.** The clerk of court is directed to enter judgment accordingly.

**IT IS SO ORDERED.**

November 30, 2022
Columbia, South Carolina

/s/Sherri A. Lydon
Sherri A. Lydon
United States District Judge